IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA,
*ex rel.* BRIAN WATKINS PLAINTIFF-RELATOR

v. No. 4:20-cv-1110-DPM

ADVANCED PATHOLOGY SOLUTIONS, LLC; ADVANCED PATHOLOGY SOLUTIONS, PLLC; and APS MSO, LLC DEFENDANTS

UNITED STATES OF AMERICA,
*ex rel.* DENISE AUCION and BRENT AUCOIN PLAINTIFFS-RELATORS

v. No. 4:21-cv-277-DPM

ADVANCED PATHOLOGY SOLUTIONS, LLC; ADVANCED PATHOLOGY SOLUTIONS, PLLC; APS MSO, LLC; KEVIN HANNAH, Chief Executive Officer; DONNELL BURKETT, Chief Operations Officer; and DANIEL HUNTER PLEDGER, Chief Laboratory Officer DEFENDANTS

UNITED STATES OF AMERICA,
*ex rel.* MICHAEL PAULSEN PLAINTIFF-RELATOR

v. No. 4:22-cv-1275-DPM

**ADVANCED PATHOLOGY SOLUTIONS, LLC; ADVANCED PATHOLOGY SOLUTIONS, PLLC; and APS MSO, LLC** **DEFENDANTS**

**ADVANCED PATHOLOGY SOLUTIONS PLLC** **PLAINTIFF**

**v.** **No. 4:25-cv-229-DPM**

**ROBERT F. KENNEDY, Secretary, United States Department of Health & Human Services, in his official capacity; and MEHMET OZ, Administrator, Centers for Medicare and Medicaid Services, in his official capacity** **DEFENDANTS**

**ORDER**

**1.** The parties have settled. Congratulations. The settlement agreements cover all the unresolved *qui tam* cases and a related case, No. 4:25-cv-229-DPM. The Court lifts the stay in the lead case, all member cases, and the related case. There are two loose ends. First, the parties' settlement reserves a disagreement about the relators' attorney's fees and costs. The Court will decide that ripe issue in due course. Second, the United States and the Advanced Pathology defendants have a dispute about Medicare payments between 12 June 2026 (the settlement date) and 10 July 2026 (the date payments resumed). The Court resolves that second issue now.

**2.** Case No. 4:25-cv-229-DPM is this case's sibling. It is long-simmering litigation about the suspension of Medicare payments during the investigation of Advanced Pathology Solutions. At this point, the Advanced Pathology defendants seek an injunction, arguing that the payment spigot should have been turned back on when the parties settled, not a month later. Maintaining its no-jurisdiction objection in the sibling case, the United States responds that the injunction request is moot. The spigot is back on, plus the Advanced Pathology defendants will get credit against the substantial balance they owe under the settlement for the approximately $325,000 that didn't flow to the company between mid-June and mid-July. The Court appreciates the parties' pithy briefs, especially the quotation from the James McMurty song. All this is a dispute about the settlement agreement between the United States and the Advanced Pathology defendants, which resolved the *qui tam* litigation and the sibling case. The Court has jurisdiction to resolve that dispute. The parties so agreed. *Doc. 77-3 at ¶25.*

**3.** The parties' agreement doesn't specify when payments to Advanced Pathology Solutions must resume. Whatever discussions they and their lawyers had about that issue are beside the point because their agreement contains an integration clause. *Doc. 77-3 at ¶26; see generally* RESTATEMENT (SECOND) OF CONTRACTS § 209 (1981);

11 SAMUEL WILLISTON & RICHARD LORD, WILLISTON ON CONTRACTS § 33:23 (4th ed. 1993).

Notwithstanding integration, there's something more here. Parties always contract against the background of existing law—it's incorporated in their agreements. *Farmers' & Merchants' Bank of Monroe, N.C. v. Federal Reserve Bank of Richmond, Va*, 262 U.S. 649, 660 (1923) (Brandeis, J); 11 WILLISTON ON CONTRACTS § 30:19; *see also, Norfolk and Western Railway Co. v. American Train Dispatchers Association*, 499 U.S. 117, 129-130 (1991) (construing exemption provision); *Petty v. Missouri & Arkansas Railway Co.*, 205 Ark. 990, 996, 167 S.W.2d 895, 898 (1943) (Arkansas law).

Several federal regulations apply. First, there's a provision about "Duration of suspension of payment—". With an inapplicable exception, payment suspensions "will not continue after the resolution of an investigation[.]" 42 C.F.R. 405.372(d)(3)(ii). And that provision includes a term defined by a companion regulation: "Resolution of an investigation. An investigation of credible allegations of fraud will be considered resolved when legal action is terminated by settlement, judgment, or dismissal, or when the case is closed or dropped because of insufficient evidence to support the allegations of fraud." 42 C.F.R. 405.370(a). The United States/Advanced Pathology legal action was terminated by the parties' June 12th settlement. Of course there's been no dismissal or judgment yet, but that's not unusual.

More importantly, the regulation's deadline is in the disjunctive—settlement, judgment, *or* dismissal. The parties' settlement ended the investigation and the payment suspension. Advanced Pathology is therefore entitled to all payments due after the settlement date, including payments due between mid-June and mid-July.

Was Advanced Pathology entitled to next-day service? No. Neither the parties' agreement nor the regulations specify how quickly the United States must turn the spigot back on. As the Deputy Director of the Division of Medicare Debt Resolution's declaration makes clear, this change took some time. Administrative agencies are not known for their nimbleness. Work on the change began after the parties settled. *Doc. 79-1*. The task was accomplished in approximately one month. In these circumstances, the law implies the missing term: performance within a reasonable time. RESTATEMENT (SECOND) OF CONTRACTS § 204, comment d. The United States did so. But, the practical need for about a month to get all the payment machinery updated does not affect the United States' legal obligation to pay Advanced Pathology what was due after June 12th. The government must therefore make the company whole (including any interest that would ordinarily be paid on withheld payments) within sixty days of this Order.

The Advanced Pathology defendants also ask for an echoing sanction/attorney's fee of approximately $325,000 for having to seek

relief about the gap period. This request is an overreaction, likely prompted by longstanding frustration about the multi-year federal investigation and related suspension of Medicare payments. The sanction/attorney's fee request is denied.

**4.** The Court directs the Clerk to file this Order in all the cases listed in the style. The consolidated *qui tam* cases are deconsolidated. The motion in the sibling case, *Doc. 77* in 4:25-cv-229-DPM, is partly granted, and partly denied, as specified. Judgment in each case will issue. *Hall v. Hall*, 584 U.S. 59, 71–77 (2018).

So Ordered.

D.P. Marshall Jr.
United States District Judge

17 August 2026